IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BROADBAND OFFICE, INC.,<br><br>Debtor. | Chapter 11<br><br>Case No. 01-01720 (GMS)<br><br><br>Adversary Proceeding No. 03-60193<br><br><br>C.A. No.: 04-394 GMS |
| BROADBAND OFFICE, INC.,<br><br>Plaintiff,<br><br>v.<br><br>AMERILINK LLC F/K/A AMERILINK CORP. D/B/A NACOM,<br><br>Defendant. | |

**MOTION OF BIFFERATO, GENTILOTTI & BIDEN**
**FOR LEAVE TO WITHDRAW AS COUNSEL**

NOW COMES Bifferato, Gentilotti & Biden ("BGB") and hereby moves the Court pursuant to Del. Bankr. LR 9010-2 and D. Del. LR 83.7 (as made applicable to these procedures by Del. Bankr. LR 1001-1(b)) for leave to withdraw as Amerilink LLC F/K/A Amerilink Corp. D/B/A Nacom ("Amerilink") counsel in this case and in support thereof states as follows:

## I. BACKGROUND

1. On or about June 21, 2004, the reference of this adversary proceeding was withdrawn and assigned to the Honorable Gregory M. Sleet.

2. On June 27, 2005 a status conference was held by the Court.

3. Amerilink is no longer a business entity and the company has been closed down. Therefore, BGB can not continue to represent a business that is no longer in place and can not defend the company.

4. At the status conference, the Plaintiff informed the Court that he would not object to BGB's application to withdraw as counsel.

5. The Court stated that it would approve the Motion to Withdrawn when filed.

## II. ARGUMENT

### A. BGB Has Stated A Sufficient Basis for Withdrawal.

6. The decision whether to grant an attorney's motion to withdraw from representation rests within the discretion of the Court. Ohntrup v. Firearms Center, Inc., 802 F.2d 676, 679 (3d Cir. 1986); Bayges v. SEPTA, 887 F. Supp. 108, 110 (E.D. Pa. 1995) (Joyner, J.). BGB submits that sufficient cause exists to permit BGB to withdraw from further representation of Berger & Norton in this case.

7. The Models Rules of Professional Conduct ("MRPC") of the American Bar Association govern attorneys in this Court pursuant to D. Del. LR 83.6(d)(2) (as applicable under Del. Bankr. LR 1001-1(b)). Counsel may withdraw if "the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given a reasonable warning that the lawyer will withdraw unless the obligation is fulfilled." (MPRC.1.16(b)(5)). The MPRC further allows counsel to withdraw "if the representation will result in an unreasonable financial

burden on the lawyer or has been rendered unreasonably difficult by the client." (MPRC 1.116(b)(6)).

8. Counsel is required to give 10 days prior notice of a request to withdraw to all parties (along with the party-client) pursuant to D. Del. LR 83.7. Notice of this Motion has been provided to corporate counsel for Amerilink, counsel to Plaintiff, BGB submits that as outlined on the Certificate of Service filed herewith, the required notice under D. Del. LR 83.7 has been made and no further notice is necessary.

9. No prior relief has been sought or granted in this or any other court.

10. The Motion contains no novel issues of law or fact and contains citations to appropriate legal authority. Accordingly, BGB respectfully requests that the Court waive the requirement for the filing of a brief under D. Del. LR 7.1.2 (incorporated by reference under Del. Bankr. LR 1001.1(b)).

DATED: July 28, 2005.

_____
Ian Connor Bifferato (#3273)
Garvan F. McDaniel (#4167)
BIFFERATO, GENTILOTTI & BIDEN
1308 Delaware Avenue
P.O. Box 2165
Wilmington, DE 19899-2165
(302) 429-1900